**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                            No. 98-4454

VICTOR TYRONE ENGLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-97-255)

Submitted: July 27, 1999

Decided: September 23, 1999

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Sandra J. Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Victor Tyrone Engle was indicted by a federal grand jury and charged with two counts of an eighteen count superseding indictment. Count one charged Engle with conspiracy in violation of 21 U.S.C.A. § 846 (West Supp. 1999). Count eighteen charged Engle with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). Engle pled guilty to count eighteen in accordance with a written plea agreement. At sentencing, the court increased Engle's offense level by two levels because police officers found three weapons at his residence at the time of his arrest. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). The court also sentenced Engle as a career offender. See USSG§ 4B1.1. Engle now appeals his sentence of 200 months' imprisonment.

Engle's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether Engle should have been classified as a career offender. Engle contends that the prior convictions forming the basis for his career offender classification should not have been counted against him because if he had pled guilty to the conspiracy charge in count one of the indictment, the prior convictions would have been counted as relevant conduct and Engle would not have been sentenced as a career offender. This argument is without merit. Engle did not plead guilty to count one, but to count eighteen. Based upon that plea, Engle met the criteria identified by USSG § 4B1.1 for sentencing as a career offender. Furthermore, Engle's contention is irrelevant and speculative. Therefore, the district court did not err in sentencing Engle as a career offender.

Engle's pro se supplemental brief argues that his offense level should not have been increased for possession of firearms. Engle states that the increase was improper because the firearms at issue were not found at his residence, as stated in the presentence report (PSR), but were discovered by police in a field, separate and apart from where the cocaine was located. Engle did not raise this point at the plea proceeding or sentencing and did not object to the facts stated in the PSR. We find that Engle did not demonstrate plain error by the district court on this sentencing issue. See Fed. R. Crim. P. 52.

2

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm Engle's sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. <u>See</u> 4th Cir. R. 46(d). Counsel's motion must state that a copy thereof was served on the client. <u>See id.</u> We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>